If on any ground the guaranty can be held a collateral and not an absolute guaranty, then, unless the evidence shows that defendant suffered loss or injury by want of notice, he is liable on such guaranty. The evidence does not show that he suffered loss or injury for want of notice. All that is shown is that interest accumulated on the contracts, but that is the case whenever a person guaranties in writing the payment of money.

We think the evidence shows a right of recovery of the full amount claimed, and the judgment is reversed with judgment here for $449.31 and costs for the plaintiff.

*Reversed and judgment here.*

---

**Josiah Burnham, Defendant in Error, v. Willis P. Dickinson, Plaintiff in Error.**

**Gen. No. 20,451.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915. Rehearing denied March 22, 1915.

## Statement of the Case.

Action by Josiah Burnham against Willis P. Dickinson for professional services rendered as a lawyer. From a judgment for two hundred dollars against defendant in favor of plaintiff, defendant brings error.

Plaintiff's claim was for legal services rendered in prosecuting a writ of error in the Appellate Court to reverse a judgment recovered by O'Brien against the Concord Apartment House Company and in prosecuting an appeal in that case to the Supreme Court. Plaintiff testified that after the expiration of five years

Burnham v. Dickinson, 191 Ill. App. 553.

from the rendering of the services defendant said to him that he would pay him the balance of his account; "that he would pay me what was due me." Defendant contended that the claim of plaintiff for the services in question was paid and discharged by Claney interested as a surety. Plaintiff testified that he told Claney when he made his last payment that he would let him off on payment of seventy-five dollars, as he was only interested as a surety in the appeal bond, but he would not abate a penny from the amount of his bill.

W. O. Robinson, for plaintiff in error.

Edward T. Barnard, for defendant in error.

Mr. Justice Baker delivered the opinion of the court.

### Abstract of the Decision.

1. Limitation of actions, § 79*—*when new promise sufficient to prevent statutory bar.* In an action to recover for professional services rendered as a lawyer in prosecuting a writ of error and an appeal against a third party, evidence *held* sufficient to take the case out of the statute of limitations, where it appeared defendant, after the expiration of five years from the rendering of the last services, made a new promise to pay for the same.

2. Payment, § 29*—*insufficiency of evidence to establish.* In an action for professional services rendered as a lawyer in prosecuting a writ of error and appeal, evidence *held* insufficient to show payment for such services.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.